IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PATRICK PRESSLER                                                        PLAINTIFF

vs.                                 Civil No. 4:13-cv-04019

CAROLYN W. COLVIN                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Patrick Pressler ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed his DIB application on June 7, 2011.  (Tr. 16, 96-101).  In his application,

Plaintiff alleges being disabled due to carpel tunnel and hand spasms.  (Tr. 112).  Plaintiff alleged

an onset date of May 31, 2011.  (Tr. 16, 98).  This application was denied initially and upon

reconsideration.  (Tr. 16, 37-44).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 45-46). Plaintiff's administrative hearing was held on May 30, 2012 in Texarkana, Arkansas. (Tr. 29-36). Plaintiff was present and was represented by Greg Giles at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* During the administrative hearing in this matter, Plaintiff testified he was sixty-three (63) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB) and 20 C.F.R. § 416.963(e) (2008) (SSI). (Tr. 30). Plaintiff also testified he had graduated from high school and attended vocational schools. *Id.*

On October 19, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 16-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2015. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 31, 2011, his alleged onset date. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had several "medically determinable impairments": carpel tunnel syndrome, stomach ulcers, arthritis, and schizoid personality features. (Tr. 18, Finding 3). The ALJ, however, also determined that these impairments did not significantly limit him in his ability to perform basic work-related activities for twelve consecutive months. (Tr. 18-23, Finding 4). Based upon this finding, the ALJ determined Plaintiff did not suffer from a severe impairment or combination of impairments during the relevant time period. *Id.* Because he determined Plaintiff had not suffered from a severe impairment or combination of impairments during the relevant time period, he also found Plaintiff had not been under a disability as defined in the Act at any time from May 31, 2011, his alleged onset date, through the date of the ALJ's decision. (Tr. 23, Finding 5).

Thereafter, on November 8, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On December 31, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 8, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 26, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

## 2.       Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in finding his

impairments did not meet the requirements of Listing 1.02; (2) the ALJ erred in discrediting his

doctors' RFC assessments; (3) the ALJ erred in failing to assess Plaintiff's  RFC, and (4) the ALJ

erred by failing to ask as hypothetical of the VE.  ECF No. 11 at 1-20.  Because the Court finds the

ALJ erred in finding all of his impairments were non-severe, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities that do not significantly limit any 'basic work activity.'" See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges his carpel tunnel syndrome and hand spasms cause him to be unable to work.  (Tr. 113).  Plaintiff has received treatment for these impairments which included a right carpel tunnel release in December 2008, irrigation and debridement of right carpel tunnel in January 2009, and left carpel tunnel release in September 2010.  (Tr. 177, 216, 230).  Plaintiff testified at the hearing that he continues to have difficulty with his hands and spasms.  (Tr. 31-32).  Additionally, Plaintiff's treating physician who performed his surgery, indicated Plaintiff may have some difficulty with fine motor type skills.  (Tr. 230).  Finally, the findings of Dr. Richard Sharp, who performed a Disability Evaluation on July 24, 2012, support Plaintiff's claims.  (Tr. 316-

318).  Dr. Sharp indicated normal grip strength would be 45.9 kilograms while Plaintiff's best grip strength was 25 kilograms; Plaintiff's  lateral pinched strength was best is 6 kilograms and average 7.5 kilograms.  (Tr. 318). Dr. Sharp indicated Plaintiff could occasionally use his right hand for lifting up to 10 pounds with no repetitive gripping or fine motor movement; could occasionally use his right hand for fingering and manipulation; symptoms will not improve significantly; and during a work day the longer he uses his right hand the worse his symptoms would be.  *Id.*

Despite this medical documentation, the ALJ still found Plaintiff has no severe impairments. In making this determination, the ALJ entirely disregarded Plaintiff's treatment records and a report from consulting physician, Dr. Sharp.  Accordingly, because these records provide sufficient evidence demonstrating at least one of Plaintiff's impairments satisfy the low or *de minimis* standard for establishing a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of February 2014.**

/s/   Barry A. Bryant

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

6